Faris ABDUL–MATIYN,
Plaintiff–Appellant,

v.

Thomas A. COUGHLIN, Commissioner, Department of Correctional Services, S. Butler, Deputy Superintendent Programs, Deputy Superintendent of Programs Miller, R. Butler, Corrections Officer, Eastern C.F., Bryant Matises, Teacher of Sdu, Eastern C.F., J. Rubin, Counselor, Eastern C.F., Raelene Milecivic, Medical Director, Eastern C.F., Nurse Anthony, Eastern C.F., and Frank Lancellotti, Doctor, Woodburne C.F., Defendants–Appellees,

Woodburne C.F., S. Gomez, Nurse, Woodburne C.F. and Eastern C.F., Defendants.

Docket No. 98–2283.

United States Court of Appeals, Second Circuit.

Dec. 28, 2001.

Faris Abdul–Matiyn, Brooklyn, NY, pro se.

Bruce A. Brown, Assistant Attorney General; Robert A. Forte, Deputy Solicitor General, Eliot Spitzer, Attorney General, (on the brief), New York, NY, for Appellees.

Present FEINBERG, POOLER and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it is AFFIRMED.

Faris Abdul–Matiyn appeals from a judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.*) awarding him, after jury trial, $1.00 in nominal damages. For the reasons given below, we affirm.

In July 1994, Abdul–Matiyn filed a complaint against numerous defendants pursuant to 42 U.S.C. §§ 1983, 1988 and assorted other federal and state statutes. The portion of the complaint relevant to this appeal alleged defendant R. Butler violated Abdul–Matiyn's First Amendment right to free exercise of religion when he told Abdul–Matiyn, a Muslim, to pray in front of a toilet bowl. Abdul–Matiyn sought, among other relief, compensatory and punitive damages, as well as attorney's fees.

Counsel was assigned to Abdul–Matiyn to litigate the free exercise claim. At his trial, Abdul–Matiyn testified he was a devout Muslim who strictly adhered to the precepts of his religion and that the conditions under which he was forced to pray left him with nothing in his life because he has no family and his religion was the only meaningful aspect of his life. He also testified he had thoughts of suicide and attempted suicide once. Yasin Abdul Latif, the chaplain at Eastern Correctional Facility, was called by defendants as an expert witness. Latif testified that he recalled meeting with Abdul–Matiyn, that Abdul–Matiyn expressed that he was very depressed, but Latif did not recall mention of a suicide attempt.

The jury ultimately found Abdul–Matiyn's free exercise rights were violated and awarded him nominal damages in the amount of $1.00. Abdul–Matiyn then

moved for a new trial pursuant to Fed. R.Civ.P. 59. Abdul–Matiyn argued his trial counsel was not qualified to question the expert on Islam and that the trial court should have let him do the questioning. The district court denied the motion, finding Abdul–Matiyn could not represent himself as he was already represented by counsel. Further, the district court found that a different examination of the expert would only go to liability, on which Abdul–Matiyn won, and not to damages.

On appeal, Abdul–Matiyn argues he should have been permitted to question the expert witness at trial and that if this had occurred, the jury would have received a more accurate picture of his emotional and mental damages. We review a district court's denial of a Rule 59 motion for abuse of discretion. *Hydro Investors, Inc. v. Trafalgar Power, Inc.*, 227 F.3d 8, 15 (2d Cir.2000). Such a motion should not be granted unless the district court "is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Shain v. Ellison*, 273 F.3d 56, 67 (2d Cir.2001).

The district court correctly denied Abdul–Matiyn's Rule 59 motion. So long as Abdul–Matiyn was represented by counsel, he could not appear *pro se*. *United States v. Wolfish*, 525 F.2d 457, 462–463 (2d Cir. 1975). Moreover, Abdul–Matiyn did not provide any objective medical or psychological testimony linking a psychological or physical injury to the violation of his free exercise right, and his assertion that he could have gleaned such information from the witness is speculation. *See Shain*, 273 F.3d 56, 67.

We have examined the remainder of Abdul–Matiyn's claims and we find them without merit.